The opinion of the court was delivered by
Miller, J.
The plaintiffs, one a citizen of the parish of Plaque-mines and the other of St. Bernard, are appellants from the judgment sustaining the exception of no cause of action to their petition for an injunction to restrain the city from emptying garbage and offal of the city in the Mississippi river, at a point the petitioners allege is prohibited by law.
The act of 1877, relied on by petitioners, prohibits any person, firm or corporation, acting under any ordinance of the parish, city, or law of the State, from emptying garbage, dead animals, night soil and other offensive matter into the Mississippi river, except in the middle of the river at the lower limits of the city, and the enforcement of the act by prosecutions for its violation is confided to the Board of Health. On the trial of the exception the evidence was that the emptying of the offensive matter, the subject of com *930 plaint, was at a point in the middle of the river selected by the Board of Health, about two miles below the lower limits on the left bank of the city and above the limits on the right bank. The judgment of the lower eourt was mainly on the ground that the act of 1877 did not apply to the city of New Orleans.
It will be perceived we are not asked to hold that the emptying of this refuse and offensive matter in the river is a nuisance in the sense that any such use of the river is injurious to the public health or comfort of the lower parishes. But the petitioners recognizing that the act sanctions such use of the river under the conditions stated, insist the act is violated by the city, and they have the right to protection against such violations. The question is whether under this act and the evidence offered, petitioners exhibit any case for relief.
The argument for petitioners assumes the city limits intended by the act were those of the right bank, on which the city extends further down than it does on the left bank. The act, in designating the lower limits, might be deemed to refer to the left bank limits. But if the argument for plaintiffs is well founded, then the dumping place for this offal and other matter is nearer the city than permitted by the act. The place for dumping at the lower limits was plainly in the interest of the city. If it is lawful to dump in the river at the lower limits, the place of dumping above, nearer the centre of the city, might well be complained of by citizens of New Orleans but not by the lower parishes, it being, as we think, no purpose of this restriction as to the place of dumping below the city limits to protect any portion of such parishes if they can be deemed inconvenienced, but simply to remove the dumping so far below as not to injuriously affect the water needed for the uses of the city.
The act does not refer specifically to the city. If that had been the purpose it is not reasonable to suppose the city would not have been named. The language, “ any person, firm or corporation” acting under any ordinance or law, would not naturally suggest itself if the City was ip the legislative contemplation. The rule of statutory construction is that the leading purpose of the Legislature is not introduced by a mere general designation. But the language is that appropriate, and which would readily occur if at the time, persons, firms and private corporations were dropping offal in the river from the wharves in front of the city and near points of supply to the reservoir of the water for the daily consumption of the people. We *931 take notice of the many corporations then existing in this city engaged in the business of removing night soil. Doubtless, individuals and firms were using the wharves for similar purposes. Hence, the prohibition from dropping from wharves into the river night soil, refuse, dead animals, etc. These offensive uses of the river by persons, firms and private corporations furnish, we think, obvious guides in construing this act, but the subjects for its natural application, as well as the terms of the act, exclude its application to the city of New Orleans.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.
Brbatjx, J., concurs in the decree.